Adam Kraut, Esq.
Attorney Id No. 318482
AKraut@CivilRightsDefenseFirm.com

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@CivilRightsDefenseFirm.com

Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297 (t)
(610) 400-8439 (f)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON M. WILBORN** | : | |
| Plaintiff | : | |
| | : | |
| **v.** | : | Civil Action No. _____ |
| | : | |
| **JEFFERSON B. SESSIONS III,** | : | |
| Attorney General of the United States | : | |
| | : | |
| **THOMAS E. BRANDON,** | : | |
| Acting Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives | : | |
| | : | |
| **CHRISTOPHER WRAY,** | : | Complaint – Civil Rights |
| Director of the Federal Bureau of Investigation | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Defendants | : | |

## **COMPLAINT**

COMES NOW Plaintiff Brandon M. Wilborn, by and through his attorneys, Adam Kraut, Esq. and Joshua Prince, Esq., of Civil Rights Defense Firm, P.C., and complains of Defendants as follows:

## INTRODUCTION

1. This is an action to uphold Plaintiff's right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution. This right "guarantee[s] the individual right to possess and carry" firearms and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

2. Defendants have collectively and individually prohibited a particular class of persons, including Plaintiff, from obtaining, possessing, keeping, bearing, or otherwise utilizing firearms in the absence of a statutory or regulatory prohibition and in the absence of due process.

3. Specifically, individuals, such as Plaintiff, who have been involuntarily examined and treated pursuant to Section 302 of Pennsylvania's Mental Health and Procedures Act ["MHPA"], 50 P.S. § 7101, *et seq.*, but have not been adjudicated incompetent nor committed to a mental institution and are being stripped of their Second Amendment right in the absence of a statutory or regulatory basis in the law and in the absence of a hearing, a right to counsel, a right to confront witnesses, a right to submit evidence and a right to a neutral arbiter, even after Judge Kim R. Gibson of the United States District Court for the Western District of Pennsylvania previously held that a 302 examination and treatment does not trigger a prohibition under 18 U.S.C. § 922(g)(4) in *Franklin v. Sessions*, 291 F.Supp.3d 705, 716-18 (W.D. Pa. 2017).

4. Furthermore, those individuals, such as Plaintiff, are being denied, in perpetuity, their Second Amendment right to acquire, possess, keep, bear, or otherwise utilize a firearm in defense of his or her self, hearth and home.

5. Defendants' contention that an involuntary examination and treatment, pursuant to Section 302 of the MHPA, results in a prohibition on an individual's right to keep, bear, acquire, possess, or utilize a firearm, especially in the absence of due process, infringes upon the individual's right to keep and bear arms.

6. Thus, numerous individuals, such as Plaintiff, are denied their Constitutional right to keep and bear arms in defense of their selves and homes, in the absence of a statutory or regulatory prohibition and in the absence of due process.

## PARTIES

7. Plaintiff Brandon M. Wilborn ["Mr. Wilborn"] is a natural person, and a citizen of Meridian, Idaho and the United States. Mr. Wilborn was involuntarily examined and treated pursuant to Section 302 of the MHPA on April 7, 2003 in Chester County, Pennsylvania, in the absence of due process. It is Mr. Wilborn's present intention and desire to purchase and possess a handgun and long gun for self-defense within his home.

8. Defendant Jefferson B. Sessions III ["Attorney General" or "Sessions"] is being sued in his official capacity as the Attorney General of the United States. As Attorney General, Defendant Sessions is responsible for executing and administering the laws, regulations, customs, practices, and policies of the United States. He is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action. As Attorney General, Defendant Sessions is ultimately responsible for supervising the functions and actions of the United States Department of Justice, including the ATF, which is an arm of the Department of Justice.

9. Defendant Thomas E. Brandon ["ATF Director" or "Brandon"] is being sued in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ["ATF"]. ATF is responsible for, *inter alia*, regulating and licensing the sale, possession, transfer, and transportation of firearms and ammunition in interstate commerce. As Acting Director of ATF, Defendant Brandon responsible for the creation, implementation, execution, and administration of the laws, regulations, customs, practices, and policies of the United States. He is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action.

10. Defendant Christopher Wray ["FBI Director" or "Wray"] is being sued in his official capacity as Director of the Federal Bureau of Investigation ["FBI"]. FBI is the agency responsible for performing background checks for federal, state, and local law enforcement authorities via the National Instant Check System ["NICS"]. FBI is responsible for maintaining the NICS database reflecting that individuals are prohibited from acquiring, possessing, and utilizing a firearm. FBI sets forth policies, procedures, regulations, and customs relating to NICS and background checks for firearm purchasers. As Director of the FBI, Defendant Wray is responsible for the execution of administration of these policies, procedures, regulations, and customs, including those complained of in this action.

11. Defendant United States of America ["United States"] is a proper party in this action pursuant to 5 U.S.C. § 702.

**JURISDICTION AND VENUE**

12. This case concerns certain subject matter under the original and exclusive jurisdiction of the federal courts of the United States of America.

13. This action seeks relief pursuant to 18 U.S.C. § 925A, 28 U.S.C. §§ 1331, 1343, 1346, 2201, 2202, 2412, and 5 U.S.C. § 702. Therefore, jurisdiction is founded on 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

14. This Court has authority to award costs and attorney fees pursuant to 28 U.S.C. § 2412 and 18 U.S.C. § 925A.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claims occurred in the Eastern District of Pennsylvania.

## STATEMENT OF FACTS RELATING TO PLAINTIFF

16. The foregoing paragraphs are incorporated herein as if set forth in full.

17. Mr. Wilborn, at the age of 22, was involuntarily examined and treated, pursuant to Section 302 of the MHPA, in the absence of all due process, based simply off a doctor's signature, on or about April 7, 2003 in Chester County, Pennsylvania.

18. Unlike Section 303 of the MHPA, Section 302 does not provide the person being examined and treated to:

    a. Have an attorney provided;

    b. Have an opportunity to be heard;

    c. Confront witnesses;

    d. Offer witnesses;

    e. Challenge evidence;

    f. Submit evidence;

    g. Have a hearing; or,

      h.  Have a neutral arbiter.

19. As a result of his isolated involuntary examination and treatment in 2003, in the absence of a statutory or regulatory prohibition and in the absence of due process, Defendants contend that Plaintiff Wilborn lost his firearm rights by operation of 18 U.S.C.§ 922(g)(4), which only prohibits an individual who has been adjudicated incompetent or involuntarily committed to a mental institution from being able to own, possess, use, or purchase a firearm or ammunition, even though Judge Kim R. Gibson of the United States District Court for the Western District of Pennsylvania previously held that a 302 examination and treatment does not trigger a prohibition under 18 U.S.C. § 922(g)(4) in *Franklin v. Sessions*, 291 F.Supp.3d 705, 716-18 (W.D. Pa. 2017).

20. Mr. Wilborn desiring to purchase, possess and utilize firearms for self-defense and for defense of his family, including within his home, attempted to purchase a firearm on or about May 3, 2018 and was denied by NICS.

21. Mr. Wilborn appealed the denial by NICS and received a letter dated May 8, 2018, which stated in part that "[y]our transaction's prohibition is under Title 18, United States Code (U.S.C.), Section 922(g)(4): 'A person who has been adjudicated as a mental defective or who has been committed to a mental institution.'" A copy of the letter from NICS to Mr. Wilborn is attached hereto and incorporated herein as Exhibit A.

22. Mr. Wilborn then retained Attorney Joshua Prince to represent him in challenging the denial.

23. Attorney Prince wrote a letter dated June 27, 2018 to NICS challenging Mr. Wilborn's denial pursuant to 18 U.S.C. 922(g)(4). A copy of the correspondence from Attorney Prince to NICS is attached hereto and incorporated herein as Exhibit B.

24. In part, the correspondence stated Judge Kim R. Gibson of the United States District Court for the Western District of Pennsylvania previously held that a 302 examination and treatment does not trigger a prohibition under 18 U.S.C. § 922(g)(4) in *Franklin v. Sessions*, 291 F.Supp.3d 705, 716-18 (W.D. Pa. 2017). *Id*.

25. The letter also noted that pursuant to the NICS Improvement Amendments Act ("NIAA"), the FBI was precluded from keeping any mental health commitments, which do not trigger a disability under Section 922(g)(4), including where a commitment occurs in the absence of due process. *Id*.

26. FBI provided a final response on August 2, 2018, upholding its original determination without addressing the *Franklin* decision or the NIAA implications. A copy of the final response from FBI is attached hereto and incorporated herein as Exhibit C.

27. Mr. Wilborn has since abstained from attempting to purchase a firearm for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 U.S.C. § 922(g)(4), instigated and directed by Defendants, should he attempt to purchase or possess a firearm, based on the final determination from FBI.

28. Mr. Wilborn is unwilling to purchase, possess or utilize a firearm because doing so would subject him to arrest, prosecution, fine and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(4), based on the final determination from FBI.

29. Therefore, Mr. Wilborn cannot possess a firearm within his own home for the protection of himself or his family, the core of the fundamental right guaranteed by the Second Amendment.  *See District of Columbia v. Heller*, 554 U.S. 570, 581 (2008).

## STATUTES AND REGULATIONS

30. 18 U.S.C. § 922(g) provides the following:

    (g) It shall be unlawful for any person –

    …

    (4) who has been adjudicated as a mental defective or who has been committed to a mental institution;

    …

    to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

31. While Congress did not set forth a definition for the term "committed to a mental institution" in 18 U.S.C. 922(g)(1), ATF did define the term in the regulations it promulgated.

32. 27 C.F.R. § 478.11 defines the phrase "committed to a mental institution" to mean:

    A formal commitment of a person to a mental institution *by a court, board, commission, or other lawful authority*. The term includes a commitment to a mental institution involuntarily. The term includes commitment for mental defectiveness or mental illness. It also includes commitments for other reasons, such as for drug use. The term does not include a person in a mental institution for observation or a voluntary admission to a mental institution.

    (emphasis added).

33. ATF previously held that a commitment, pursuant to Section 302 of the MHPA, was insufficient for purposes of triggering a disability, pursuant to 18 U.S.C. § 922(g)(4). A copy of the determination is attached hereto and incorporated herein as Exhibit D.

34. Although neither 18 U.S.C. § 922(g)(4), inclusive of the promulgated regulations related thereto, nor Section 302 of the MHPA have been amended, ATF now contends that a Section 302 commitment triggers a federal disability pursuant to 18 U.S.C. § 922(g)(4).

35. Moreover, even though Defendants were all Parties in *Franklin v. Sessions*, 291 F.Supp.3d 705, 716-18 (W.D. Pa. 2017), where Judge Kim R. Gibson of the United States District Court for the Western District of Pennsylvania previously held that a 302 examination and treatment does not trigger a prohibition under 18 U.S.C. § 922(g)(4), Defendants continue, in direct defiance of the Judge Gibson's holding, to contend that individuals who are examined and treated pursuant to Section 302 of the MHPA are prohibited under Section 922(g)(4).

### COUNT I: 18 U.S.C. § 925A
### (*Plaintiff v. All Defendants*)

36. The foregoing paragraphs are incorporated herein as if set forth in full.

37. 18 U.S.C. § 925A provides:

    Any person denied a firearm pursuant to subsection (s) or (t) of section 922—

    (1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or

    (2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,

    may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

38. At no point during an involuntary examination and treatment, pursuant to 50 P.S. § 7302, is an individual placed in front of a court, board, commission, or other lawful authority nor is the individual committed to a mental institution.

39. As provided for by Section 302 of the MHPA, Mr. Wilborn was examined and treated based solely on an examining physician's signature.

40. Judge Kim R. Gibson of the United States District Court for the Western District of Pennsylvania previously held that a 302 examination and treatment does not trigger a prohibition under 18 U.S.C. § 922(g)(4) in *Franklin v. Sessions*, 291 F.Supp.3d 705, 716-18 (W.D. Pa. 2017).

41. Yet, Defendants, in direct defiance of the *Franklin* decision, contend that Mr. Wilborn is prohibited pursuant to 18 U.S.C. § 922(g)(4) despite that an involuntary evaluation and treatment under 50 P.S. § 7302 does not meet the criteria for a commitment as provided for by the statutory or regulatory law.

42. Thus, as a direct and proximate result of the aforementioned position taken by the Defendants, Mr. Wilborn suffers – and continues to suffer – from an unlawful deprivation of his fundamental constitutional right to keep and bear arms.

43. 18 U.S.C. § 952A allows for the correction of this erroneous information.

44. Mr. Wilborn has incurred attorney fees and costs as a direct result of prosecuting the present court action.

### COUNT II: FIFTH AMENDMENT DUE PROCESS VIOLATIONS [1]
(*Plaintiff v. All Defendants*)

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. Defendants Sessions, Brandon, Wray, and United States have, together and separately, violated Mr. Wilborn's Fifth Amendment right to due process by denying him the ability

---

[1] Plaintiff does not, in this action, contend that all of Section 302 of the MHPA must be ruled unconstitutional; rather, Plaintiff contends that as a result of the lack of due process provided, Section 302 is insufficient to putatively strip an individual of a core constitutional right, including the Right to Keep and Bear Arms, under Federal Law.

to purchase and possess a firearm, as a result of his involuntary evaluation and treatment, when Section 302 of the MHPA fails to provide the individual with an opportunity to be heard by a court, either before or subsequent to his/her deprivation, and no federally-acceptable standard of proof was utilized.

47. As the United States District Court for the Middle District of Pennsylvania held in *Dixon v. Attorney Gen. of Pa.*, 325 F. Supp. 966, 974 (M.D. Pa. 1971) in relation to Pennsylvania's previous mental health commitment statute, the Commonwealth *must*:

   a. Inform the individual of "his right to counsel and an attorney shall be appointed to represent him unless he can afford to retain an attorney himself;"

   b. The individual must be provided "independent expert examination and assistance in preparation for the hearing, through court appointment where the subject cannot afford to retain these services;"

   c. Provided "a full hearing at which he shall have the right to present evidence in his own behalf, to subpoena witnesses and documents, and to confront and cross-examine all witnesses against him;" and,

   d. "There shall be a verbatim transcript and full record made of the commitment proceedings."

48. 50 P.S. § 7302 lacks all due process protections, as it does not provide the individual with:

   a. A hearing;
   b. Notice of the right to an attorney;
   c. An attorney;
   d. An opportunity to be heard;

    e.    An opportunity to confront witnesses;

    f.    An opportunity to submit evidence;

    g.    An opportunity to challenge evidence;

    h.    A neutral arbiter; or,

    i.    A verbatim transcript or full record of the commitment proceedings.

49. In this matter, Mr. Wilborn's evaluation and treatment lacked the requisite due process protections, as he was not provided:

    a.    A hearing;

    b.    Notice of the right to an attorney;

    c.    An attorney;

    d.    An opportunity to be heard;

    e.    An opportunity to confront witnesses;

    f.    An opportunity to submit evidence;

    g.    An opportunity to challenge evidence;

    h.    A neutral arbiter; or

    i.    A verbatim transcript or full record of the commitment proceedings.

50. In relation to the standard of proof necessary for an involuntary commitment, in order to "meet due process demands, the process has to inform the factfinder that the proof must be greater than the preponderance-of-the-evidence standard applicable to other categories of civil cases." *Addington v. Texas*, 441 U.S. 418, 432-33 (1979).

51. Pennsylvania's Mental Health Procedures Act ["MHPA"], 50 P.S. § 7101, *et seq.*, provides no standard of proof.

52. Mr. Wilborn was involuntarily evaluated and treated pursuant to the MHPA, 50 P.S. § 7302, in the absence of any standard of proof.

53. Thus, as a direct and proximate result of the above infringement and impermissible burden on Mr. Wilborn's Fifth Amendment rights, Mr. Wilborn and other similarly situated suffer – and continue to suffer – from an unlawful deprivation of their fundamental constitutional rights to due process and to keep and bear arms.

54. Mr. Wilborn has incurred attorney fees and costs as a direct result of prosecuting the present court action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brandon Wilborn respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, as follows:

a) Preliminarily enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 18 U.S.C. § 922(g)(4) and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize an individual's exercise of his/her right to keep and bear arms, as a result of an involuntary commitment, pursuant to 50 P.S. § 7302;

b) Declare pursuant to 18 U.S.C. § 925A that Defendants are prohibited from including Section 302 evaluations and treatments in the NICS database, as those involuntary evaluations and treatments are based solely on a medical finding and not after hearing by a court, board, commission, or other authority and do not constitute being adjudicated as a 'mental defective;'

c) Declare pursuant to 18 U.S.C. § 925A that an involuntary examination and treatment, pursuant to Section 302, lacks the necessary due process protections and is therefore insufficient to strip an individual of his/her Second Amendment rights;

d) Declare that 18 U.S.C. § 922(g)(4), its derivative regulations, and all related laws, policies, and procedures, as they relate to a Section 302 examination and treatment, violate Plaintiff's right to due process under the Due Process Clause of the Fifth Amendment to the United States Constitution;

e) Declare that Section 302, its derivative regulations, and all related laws, policies, and procedures, as they relate to a putative prohibition pursuant to 18 U.S.C. § 922(g)(4), violate Plaintiff's right to due process under the Due Process Clause of the Fifth Amendment to the United States Constitution;

f) Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 18 U.S.C. § 922(g)(4) and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize an individual's exercise of his right to keep and bear arms, as a result of an involuntary examination and treatment, pursuant to Section 302;

g) Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing against Plaintiff and those similarly situated, 18 U.S.C. § 922(g)(4) and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiff's exercise of his right to keep and bear arms;

h) Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing against Plaintiff and

those similarly situated, 18 U.S.C. § 922(g)(4) and all its derivative regulations, and all related laws, policies, and procedures concerning Plaintiff's involuntary commitment pursuant to Pennsylvania's Mental Health Procedures Act;

i) Award Plaintiff costs and attorney fees and expenses to the extent permitted under 28 U.S.C. § 2412 and 18 U.S.C. § 925A; and

j) Grant any and all other equitable and/or legal remedies this Court may see fit.

Respectfully Submitted,

_____
Adam Kraut, Esq.
Attorney Id. No. 318482
AKraut@CivilRightsDefenseFirm.com

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@CivilRightsDefenseFirm.com

Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-92973 (t)
(610) 400-8439 (f)

Attorneys for Plaintiff