# EXHIBIT A



U.S. Department of Justice

Federal Bureau of Investigation

Clarksburg, WV 26306
May 08, 2018

Mr. Brandon Matthew Wilb

████████████████████████

SUBJECT: Firearm Appeal
National Instant Criminal Background Check System (NICS) Transaction Number (NTN)-100LZ4TD4

Dear Mr. Wilborn:

This letter is in response to your appeal of the results of your firearm background check. You have been matched with a prohibiting record which contains a similar name and/or similar descriptive features. Your transaction's prohibition is under Title 18, United States Code (U.S.C), Section 922(g)(4): "A person who has been adjudicated as a mental defective or who has been committed to a mental institution." Please note that this standard may be met in a number of ways, including but not limited to:

- A formal ruling by a Court or other proper authority that an individual either lacks mental capacity to manage his or her own affairs or is a danger to self or others, due to mental illness, incompetency, condition or disease, or very low intelligence
- A finding, by a Court or jury, that an individual was not guilty of criminal charges due to mental incapacity or infirmity, or that the individual was guilty but mentally ill, or that such charges against the individual should be dismissed for mental health reasons
- An order of a Court or other proper authority directing an individual to receive treatment for a mental health condition, whether inpatient or outpatient, which for purposes of this statute constitutes being "committed to a mental institution"

In addition, please note that your agreement to the entry of any such order, ruling, or finding would not make the 18 U.S.C. §922(g)(4) prohibitor invalid.

Mr. Brandon Matthew Wilborn

**If you are the subject of the prohibiting record listed below** and wish to challenge the accuracy of the record, you should contact the agency holding the record for further information. If the agency has documentation which would show the record was inaccurate or that the prohibition was nullified, the agency holding the record should submit notification of the correction directly to the Appeal Services Team (AST) of the FBI Criminal Justice Information Services (CJIS) Division's NICS Section via facsimile at (304) 625-0535. Your NTN must be provided with the agency's notification. The agency should take the necessary steps to update the record to prevent future denials.

If the prohibiting information was correct at the time your NICS background check was conducted, but has since been resolved, your deny status will not change. The denial would be considered valid at the time of the check. If you are certain the prohibiting record has been removed or updated by the submitting agency, you are not prohibited from subsequent attempts to possess or receive a firearm.

**If you do not believe you are the same person as the subject of the prohibiting record**, you may contact the agency listed below. Please be advised that descriptive information can be limited based on varying factors such as system limitations, available descriptive information, and state laws minimizing the amount of descriptive data allowable for entry. If additional descriptors can be added to the record by the agency or the agency is able to provide more descriptive information to the AST to support your identity challenge, they should notify the AST via facsimile at 304-625-0535. Your NTN must be provided with the agency's notification. The agency should take the necessary steps to update the record to prevent future denials.

To obtain further information relating to the prohibiting record, you should contact:

> Pennsylvania State Police
> PICS Challenge Section Supervisor
> Chris Clark
> Phone:  717-705-4540
> Date of Commitment:  April 7, 2003
> NICS Record Identifier Number:  1611002821

No further action will be taken until documentation is provided by the contributing agency or you notify the AST that the record has been updated.

2

Mr. Brandon Matthew Wilborn

       Please ensure **all** correspondence/submissions contain your NTN.  Failure to do so will only delay your appeal.

                                    NICS Section
                                    CJIS Division

# EXHIBIT B

# FIREARMS INDUSTRY CONSULTING GROUP

A Division of Civil Rights Defense Firm, P.C.

Joshua Prince
Adam Kraut
Jorge Pereira

Phone: 888-202-9297
Fax: 610-400-8439



June 27, 2018

U.S. Department of Justice - Federal Bureau of Investigation
FBI Criminal Justice Information Services Division
National Instant Criminal Background Check System Section, Appeal Services Team
Module D-1
P.O. Box 4278
Clarksburg, WV 26302-4278

RE:   Brandon M. Wilborn
      NTN No. 100LZ4TD4
      NICS Record Id. No. 1611002821

Dear Gentlemen/Mesdames:

Please be advised that I have been retained by Brandon M. Wilborn in relation to his NICS Appeal of FBI's denial of his background check. A copy of FBI's May 8, 2018 letter is enclosed. Please accept this as his timely response.

   FBI erroneously contends in its letter that Mr. Wilborn is prohibited due to a prior Section 302 commitment in Pennsylvania. However, as previously held in ***Franklin v. Sessions, et al.***, 291 F.Supp.3d 705 (W.D. Pa. 2017), a Section 302 commitment under Pennsylvania's Mental Health and Procedures Act does not trigger a prohibition under 18 U.S.C. § 922(g)(4), as it neither constitutes an adjudication nor being committed to a mental institution, as it lacks the requisite due process. A copy of the decision is enclosed. As FBI, ATF, and the United States of America were parties to that litigation and did not appeal the decision, it is binding on all parties, including FBI. Furthermore, as set forth in the NICS Improvement Amendments Act ("NIAA"), Pub. L. 110-180, 121 Stat. 2559, FBI is precluded from including in the NICS database any mental health commitments, which do not trigger a disability under Section 922(g)(4), including where a commitment occurs in the absence of due process. Moreover, FBI has an obligation under NIAA to destroy any record transmitted to it by an agency, where the record transmitted does not establish a disability pursuant to Section 922(g)(4), such as a Section 302 commitment.

As the Pennsylvania State Police have relayed this erroneous information to FBI, I am also providing a copy of this letter and the *Franklin* decision to it.

If you have any questions, please do not hesitate to contact me. Thanking you for your time and assistance in this matter, I am

                              Yours truly,
                              Firearms Industry Consulting Group

                              Joshua G. Prince
                              joshua@civilrightsdefensefirm.com

jgp/web
Matter no. 10487
Enclosure

cc: w/enc   : Pennsylvania State Police by mail
              Mr. Brandon M. Wilborn by email

# EXHIBIT C



**U.S. Department of Justice**

Federal Bureau of Investigation

Clarksburg, WV 26306
August 2, 2018

Joshua G. Prince, Esq.
Firearms Industry Consulti
646 Lenape Road
Bechtelsville, PA  19505

SUBJECT: Firearm Appeal
National Instant Criminal Background Check
System (NICS) Transaction
Number (NTN)-100LZ4TD4
Mr. Brandon Matthew Wilborn

Dear Mr. Prince:

This letter is in response to your client's appeal of the results of a firearm background check.  Your client has been matched with a prohibiting record which contains a similar name and/or similar descriptive features.  Your client has been matched with the following prohibitive information under Title 18, United States Code (U.S.C), Section 922(g)(4): "A person who has been adjudicated as a mental defective or who has been committed to a mental institution."  Please note that this standard may be met in a number of ways, including but not limited to:

- A formal ruling by a Court or other proper authority that an individual either lacks mental capacity to manage his or her own affairs or is a danger to self or others, due to mental illness, incompetency, condition or disease, or very low intelligence
- A finding, by a Court or jury, that an individual was not guilty of criminal charges due to mental incapacity or infirmity, <u>or</u> that the individual was guilty but mentally ill, <u>or</u> that such charges against the individual should be dismissed for mental health reasons
- An order of a Court or other proper authority directing an individual to receive treatment for a mental health condition, whether inpatient or outpatient, which for purposes of this statute constitutes being "committed to a mental institution"

In addition, please note that your agreement to the entry of any such order, ruling, or finding would not make the 18 U.S.C. §922(g)(4) prohibitor invalid.

Joshua G. Prince, Esq.

**If your client is the subject of the prohibiting record listed below** and wishes to challenge the accuracy of the record, you should contact the agency holding the record for further information. If the agency has documentation which would show the record was inaccurate or that the prohibition was nullified, the agency holding the record should submit notification of the correction directly to the Appeal Services Team (AST) of the FBI Criminal Justice Information Services (CJIS) Division's NICS Section via facsimile at (304) 625-0535. Your client's NTN must be provided with the notification received from the agency. The agency should take the necessary steps to update the record to prevent future denials.

If the prohibiting information was correct at the time your client's NICS background check was conducted, but has since been resolved, your client's deny status will not change. The denial would be considered valid at the time of the check. If you client is certain the prohibiting record has been removed or updated by the submitting agency, you client is not prohibited from subsequent attempts to possess or receive a firearm.

**If your client does not believe he is the same person as the subject of the prohibiting record**, you may contact the agency listed below. Please be advised that descriptive information can be limited based on varying factors such as system limitations, available descriptive information, and state laws minimizing the amount of descriptive data allowable for entry. If additional descriptors can be added to the record by the agency or the agency is able to provide more descriptive information to the AST to support your client's identity challenge, they should notify the AST via facsimile at 304-625-0535. Your client's NTN must be provided in the notification received from the agency. The agency should take the necessary steps to update the record to prevent future denials.

To obtain further information relating to the prohibiting record, you should contact:

> Pennsylvania State Police
> PICS Challenge Section Supervisor
> Chris Clark
> Phone: 717-705-4540
> Date of Commitment: April 7, 2003
> NICS Record Identifier (NRI) Number: 16611002821

No further action will be taken until documentation is provided by the contributing agency or you notify the AST that the record has been updated. Please ensure **all** correspondence/submissions contain your client's NTN. Failure to do so will only delay your client's appeal.

> NICS Section
> CJIS Division

2

# EXHIBIT D



**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
U.S. CUSTOM HOUSE, ROOM 607
2ND & CHESTNUT STREETS
PHILADELPHIA, PENNSYLVANIA 19106

SEP 4 1998

CC:PH-21,705
JKW:emk

Jon Pushinsky, Esquire
1808 Law & Finance Bldg.
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219

Dear Mr. Pushinsky:

You asked if a person who had been involuntarily detained for an emergency mental health examination pursuant to 50 PA. CONS. STAT. § 7302 would be prohibited from possessing firearms under 18 U.S.C. § 922(g)(4). You stated that you believe such a person would not be prohibited. We agree.

Title 18 U.S.C. § 922(g)(4) makes it unlawful for a person who has been committed to a mental institution to possess a firearm. The term "committed to a mental institution" is defined in 27 C.F.R. § 178.11 as follows:

> A <u>formal</u> commitment of a person to a mental institution by a court, board, commission, or other lawful authority. The term includes a commitment to a mental institution involuntarily. The term includes a commitment for mental defectiveness or mental illness. It also includes commitments for other reasons, such as for drug use. <u>The term does not include a person in a mental institution for observation or a voluntary admission to a mental institution.</u>

27 C.F.R. § 178.11, Federal Register, Vol. 62, No. 124, p. 34639. (Emphasis supplied).

Jon Pushinsky, Esquire

A involuntary detention under 50 PA. CONS. STAT. § 7302 does not constitute a commitment to a mental institution within the meaning of 27 C.F.R. § 178.11. Section 7302 provides for temporary emergency measures and as such falls short of the "formal commitment" described in section 178.11. Although section 7302 provides for the immediate medical treatment of person deemed by a physician to require it, the apparent broader purpose of the statute is to enable the authorities to observe the subject and determine their options within a 120 hour period.[1] One option is to make an application to the Court of Common Pleas for extended involuntary emergency treatment pursuant to 50 PA. CONS. STAT. § 7303.

Unlike a person detained pursuant to section 7302, a person facing extended involuntary treatment (up to 20 days) pursuant to section 7303 is afforded a variety of due process rights including counsel, notice, and hearing. Pennsylvania also provides for longer periods of commitment pursuant to 50 PA. CONS. STAT. §§ 7304 and 7305. These sections likewise provide a panoply of due process rights for persons who might be subject to them. In the context of these provisions for formal commitments, the distinction between a detention under section 7302 and a commitment, which would meet the definition in 27 C.F.R. § 178.11, is clearer still.

Given the lack of due process provisions afforded by 50 PA. CONS. STAT. § 7302, the limited duration of a detention pursuant to it, the fact that its apparent primary purpose is to provide mental health officials time to observe a detainee and make an assessment, and the existence of more formal commitment procedures under Pennsylvania law, we conclude that a detention under 50 PA. CONS. STAT. § 7302 does not constitute a commitment for purposes of 18 U.S.C. § 922(g)(4).

---

[1] We note that section 178.11 specifically states that a person in a mental institution for observation has not been committed.

Jon Pushinsky, Esquire

If you have additional questions concerning this matter, please do not hesitate to call ATF Attorney Kevin White at (215) 597-7183.

Sincerely yours,

Lawrence L. Duchnowski
Special Agent in Charge