### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON M. WILBORN** | : | |
| Plaintiff | : | |
| | : | |
| **v.** | : | Civil Action No. 18-3597 |
| | : | |
| **JEFFERSON B. SESSIONS III,** | : | |
| Attorney General of the United States | : | |
| | : | |
| **THOMAS E. BRANDON,** | : | |
| Acting Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives | : | |
| | : | |
| **CHRISTOPHER WRAY,** | : | |
| Director of the Federal Bureau of Investigation | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Defendants | : | |

### PLAINTIFF'S BRIEF IN SUPPORT OF HIS
### MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF

## TABLE OF CONTENTS

I.  **Procedural Background** ................................................................................................ 1

II. **Argument** ............................................................................................................................ 3

    a.   Declaratory Relief .............................................................................................. 4

    b.   Injunctive Relief ................................................................................................. 4

    c.   In the Alternative, Motion for Leave of Court .................................................. 6

III. **Conclusion** ......................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Awad v. Ziriax*, 670 F.3d 1111 (10th Cir. 2012) ................................................................. 5

*De Leon v. Perry*, 975 F. Supp. 2d 632 (W.D. Tex. 2014) ................................................. 5

*Deerfield Med. Center v. City of Deerfield Beach*, 661 F.2d 328 (5th Cir. 1981) ............. 5

*Doe v. Gallinot*, 657 F.2d 1017 (9th Cir. 1981) ................................................................. 5

*Elrod v. Burns*, 427 U.S. 347 (1976) ................................................................................. 5

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448 (5th Cir. 2014) ......................... 5

*Soto-Lopez v. New York City Civil Serv. Comm'n*, 840 F.2d 162 (2nd Cir. 1988) ............ 5


**Statutes**

18 U.S.C. § 922(g)(4) ................................................................................................. passim

28 U.S.C. § 2201 ................................................................................................................. 4

28 U.S.C. § 2202 ............................................................................................................. 4, 5


**Rules**

F.R.C.P. 15 .......................................................................................................................... 6

F.R.C.P. 20 .......................................................................................................................... 6


**Regulations**

27 C.F.R. § 478.11 ..................................................................................................... passim

Plaintiff Brandon M. Wilborn, (hereinafter "Mr. Wilborn" or "Plaintiff") by and through his counsel, hereby submits this Brief in Support of his Motion for Declaratory and Injunctive Relief.

## I. Procedural Background

This matter was initiated on August 23, 2018 by the filing of a Complaint and Motion for Preliminary injunction. *See*, Docs. 1, 2, 2.1, 2.2. The Complaint is specific that Mr. Wilborn seeks, *inter alia*, on behalf of himself and "those similarly situated" declaratory and injunctive relief that Pennsylvania Mental Health and Procedures Act, Section 302 evaluations and treatments are insufficient to trigger a federal disability, pursuant to 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11. Doc. 1, ¶¶ 2 – 6, Prayer for Relief, ¶¶ (a) – (j). Likewise, Mr. Wilborn's Brief in Support of his Motion for Preliminary Injunction (Doc. 2.2) and Reply Brief in Support (Doc. 10) are explicit that the injunctive relief is on behalf of himself and those similarly situated. Plaintiff's proposed order for his preliminary injunction also sought that:

> Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, ARE HEREBY ENJOINED, from enforcing the prohibition contained in 18 U.S.C. § 922(g)(4) against the Plaintiff *and anyone similarly situated*, who was, pursuant to 50 P.S. § 7302, involuntarily examined and treated. (Emphasis added)

On February 6, 2019, this Court initially denied Mr. Wilborn's Motion for a Preliminary Injunction believing that Mr. Wilborn brought an *as-applied* challenge and that as a result, discovery was necessary to determine a right to relief. *See*, Doc. 16. Thereafter, the Court held a Rule 16 Conference on March 3, 2019. In submitting the Joint Status Report Pursuant to Rule 26(f) [1] and during the Rule 16 Conference, the undersigned raised the fact that Mr. Wilborn did

---

[1] See asterisk at the bottom of the Joint Status Report, where it declares "Plaintiff does not believe discovery is proper in a challenge to whether a Section 302 commitment provides

1

not raise an *as-applied* challenge, but rather, that his challenge was a facial challenge. During the Rule 16 Conference, the Government conceded that Mr. Wilborn's challenge was facial and that as a facial challenge, discovery was irrelevant, because a Section 302 evaluation and treatment either meets the requirements of Section 922(g)(4), as further defined by 27 C.F.R. § 478.11, or does not, irrespective of the facts specific to Mr. Wilborn. As a result, on March 5, 2019, this Court issued an Order stating that "based upon Plaintiff's Complaint, it is hereby ORDERED that no further discovery is necessary and Plaintiff's Motion for Preliminary Injunction (Dock No. 2) is converted into a Motion for Summary Judgment." *See*, Doc 16.

On August 5, 2019, this Court issued its decision (Doc. 21) finding that a Section 302 commitment does not trigger a prohibition pursuant to 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11. At that point, the undersigned contacted Defendants' Counsel regarding 1. that the Court had not addressed in its decision Mr. Wilborn's request for injunctive relief for himself and those similarly situated and 2. a stay of attorney fees pending a determination by the Government as to whether to appeal. The Parties agreed to a stay of any attorney fee requests pending a determination by the Government and pursuant to the unopposed motion, [2] this Court issued an Order staying any request. *See,* Doc. 24. Further the Parties agreed to await a determination as to whether the Government would appeal and assuming the Government declined to appeal, that the Parties would likely be able to amicably resolve Plaintiff's concern regarding the absence of injunctive relief for himself and those similarly situated through a consent decree or stipulation.

---

sufficient due process to trigger a prohibition under 922(g)(4). The Parties will discuss this during the Rule 16 Conference on March 4, 2019."

[2] As the Parties were not sure that the Court's decision constituted a final determination, given the concern raised by the undersigned, it was agreed that in submitting the motion, the Parties would explicitly state, *inter alia*, the motion was being submitted "assuming the order is a final and appealable order."

At no time, until more than ninety days after this Court's decision of August 5, 2019, did the Defendants contend that this Court did not have authority to grant declaratory and injunctive relief to Mr. Wilborn and all of those similarly situated. *See*, Doc. 9. Furthermore, it is the undersigned's understanding that the Government now contends that somehow, someway, the Court's decision is only specific to Mr. Wilborn and that, in addition to the decision not addressing the injunctive relief sought, the decision does not constitute declaratory relief that a Section 302 evaluation and treatment does not trigger a prohibition pursuant to 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11.

## II.       Argument

For brevity, as the issue of whether a Section 302 evaluation and treatment triggers a prohibition under 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11 has been fully briefed and argued orally by the Parties and this Court found that it does not trigger such a prohibition, Mr. Wilborn will simply address the right to declaratory and injunctive relief on behalf of himself and those similarly situated.

In this Court's decision of August 5, 2019, it correctly phrased the issue as "whether an emergency mental health examination under Section 302 of the MHPA constitutes an 'adjudication' or 'commitment' for purposes of 18 U.S.C. § 922(g)(4)" and thereafter held that "[b]ased on the plain meaning of the terms in Section 922(g)(4) and the guidance provided by 27 C.F.R § 478.11, we conclude that a Section 302 commitment does not trigger Section 922(g)(4)." Doc. 21 at 2. [3] The Court further declared that

---

[3] *See also*, the Court's declaration that it "will only analyze whether a commitment under Section 302 of the MHPA is enough to trigger Section 922(g)(4)." *Id*. at 4. Although the Decision does mention "Mr. Wilborn's Second Amendment *as-applied* challenge" (id.), it is believed that this

3

consistent with other courts, the procedures provided by Section 302 of the MHPA—emergency mental health examination lasting no longer than 120 hours without the right to counsel or an adversarial proceeding—cannot constitute an "adjudication" or "commitment" for purposes of Section 922(g)(4). The lack of decision by some authoritative body makes a Section 302 examination alone insufficient to impose a permanent restriction on the possession of firearms. *Id*. at 12.

    a. <u>Declaratory Relief</u>

Given the Court's explicit holdings specified *supra*, pursuant to 28 U.S.C. § 2201(a), Plaintiff and those similarly situated believe, contrary to Defendants' assertion, this Court has already declared that a Section 302 evaluation and treatment is insufficient to trigger a prohibition pursuant to 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11. Furthermore, consistent with 28 U.S.C. § 2202, this Court has the power to grant "[f]urther necessary or proper relief based on a declaratory judgment or decree." Thus, in this matter, such further necessary, as well as proper, relief is for the Court to enforce its declaration that a Section 302 evaluation and treatment is insufficient to trigger a prohibition pursuant to 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11 by requiring that the Defendants remove all individuals from the NICS database, who were included solely due to a Section 302 treatment and evaluation.

    b. <u>Injunctive Relief</u>

As Mr. Wilborn has addressed extensively in his Brief and Reply Brief in Support of His Motion for a Preliminary Injunction, as well as during oral argument, he and those similarly

---

was inadvertently included, as Mr. Wilborn only filed a two count complaint, for which the first count was pursuant to 18 U.S.C. § 925A and the second was pursuant to the Fifth Amendment. *See*, Doc. 1. As the Court declined to address the Plaintiff's constitutional claims based upon the constitutional avoidance doctrine (*id*. at 4, fn. 3) and Plaintiff did not raise any *as-applied* challenges, Plaintiff believes that any mention of "as-applied" in the Decision was accidental, inadvertent and has no bearing on the Court's ultimate conclusion that a Section 302 evaluation or treatment is insufficient to trigger a prohibition pursuant to 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11.

4

situated are entitled to injunctive relief to enforce the declaratory relief afforded by this Court. As Mr. Wilborn and those similarly situated have already shown that they were successful on the merits, there is no rational basis for denying injunctive relief. In fact, given the Defendants' position, unless this Court enjoins their conduct, Mr. Wilborn and those similarly situated will continue to suffer a deprivation of their fundamental constitutional right to keep and bear arms. In this vein, the Defendants cannot show how the grant of an injunction would be against the public interest, when a finding that a constitutional right "'is either threatened or in fact being impaired'… mandates a finding of irreparable injury" (*Deerfield Med. Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)) and "it is always in the public interest to prevent the violation of a party's constitutional rights." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014) (quoting *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012); *De Leon v. Perry*, 975 F. Supp. 2d 632, 665 (W.D. Tex. 2014).

Perhaps even more compelling and directly on point in the context of a challenge to a mental health commitment statute, is the decision in *Doe v. Gallinot*, 657 F.2d 1017, 1025 (9th Cir. 1981), where pursuant to 28 U.S.C. § 2202, the court held that "[t]he challenged provisions were not unconstitutional as to [plaintiff] alone, but as to any whom they might be applied. Under the circumstances, it was not an abuse of discretion for the district court to enjoin the defendants from applying them." The Second Circuit has likewise held in *Soto-Lopez v. New York City Civil Serv. Comm'n*, 840 F.2d 162, 168 (2nd Cir. 1988), where it declared that "[w]hen it has been held unconstitutional to deny benefits to otherwise qualified persons on the ground that they are members of a certain group, the officials have the obligation to cease denying those benefits not just to the named plaintiffs but also to all other qualified members of the group." It

continued on to declare that it would be "'unthinkable' to permit the officials to insist on other actions being brought." *Id*.

Therefore, Mr. Wilborn and those similarly situated respectfully request that this Court issue injunctive relief precluding the Government from contending that a Section 302 evaluation and treatment triggers a prohibition pursuant to 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11.

    c. *In the Alternative, Motion for Leave of Court*

In the event, *arguendo*, this Court does not believe it has the authority to grant the relief requested on behalf of all those similarly situated, given the Defendants' contention that everyone who was solely evaluated and treated pursuant to Section 302 should be a party to this proceeding in order for them to be granted relief, Plaintiff respectfully requests leave of court either pursuant to F.R.C.P. 20 to join all such individuals or pursuant to F.R.C.P. 15 to file an amended complaint for the sole purpose of adding class action averments, as justice requires that each individual, aggrieved by the Defendants' contention, need not have to individually file suit.

## III. Conclusion

For the reasons set forth *supra*, Mr. Wilborn and those similarly situated respectfully request this Honorable Court grant their request for declaratory and injunctive relief, or, in the alternative, grant them leave to either join all similarly situated individuals or to file an amended complaint with class action averments.

Dated: November 15, 2019                              Respectfully Submitted,

                                                                                                           _____
                                                      Joshua Prince, Esq.
                                                      Attorney Id. No. 306521
                                                      Joshua@CivilRightsDefenseFirm.com

                                                      Adam Kraut, Esq.
                                                      Attorney Id. No. 318482
                                                      AKraut@CivilRightsDefenseFirm.com

                                                      Civil Rights Defense Firm, P.C.
                                                      646 Lenape Road
                                                      Bechtelsville, PA 19505
                                                      (888) 202-9297 (t)
                                                      (610) 400-8439 (f)

                                                      Attorneys for Plaintiff

7