# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON M. WILBORN** : | |
| Plaintiff : | |
| : | |
| v. : | Civil Action No. 18-3597 |
| : | |
| **WILLIAM BARR,** *et al.* : | |
| Defendants : | |

## ORDER

In accordance with the Memorandum dated August 5, 2019, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, as converted by the Court's Order of March 5, 2019 (Doc. 19), is **GRANTED**.

2. It is **DECLARED** that this Order is only in relation to emergency examinations and treatments pursuant to Pennsylvania Mental Health and Procedures Act ("MHPA"), Section 302 (50 P.S. § 7302) and does not apply to an individual who was involuntarily treated pursuant to Pennsylvania MHPA Sections 303, 304 and 305 (50 P.S. § 7303, 7304, 7305), as those statutory provisions are not before this Court.

3. It is **DECLARED** that Section 302 of the MHPA fails to provide an evidentiary standard of proof for examining physicians to apply,

1

let alone the clear and convincing evidentiary standard of proof for civil commitments required by the U.S. Supreme Court in *Addington v. Texas*, 441 U.S. 418, 432-33 (1979).

4. It is **DECLARED** that an involuntary emergency examination and treatment, pursuant to the Pennsylvania MHPA, Section 302, fails to provide the individual with due process, as it fails to provide for (1) an attorney; (2) a right to confront witnesses; (3) an opportunity to offer witnesses; (4) an opportunity to challenge evidence; (5) any opportunity to submit evidence; (6) a hearing; (7) a neutral arbiter; (8) a verbatim transcript or full record of the commitment proceedings; or (9) a clear and convincing standard of proof.

5. It is **DECLARED** that an involuntary emergency examination and treatment, pursuant to Pennsylvania MHPA Section 302, is insufficient to result in a prohibition, pursuant to 18 U.S.C. § 922(g)(4), as a Section 302 emergency examination and treatment neither constitutes an adjudication of mental defectiveness nor a commitment to a mental institution.

6. It is **DECLARED** that an involuntary emergency examination and treatment, pursuant to Pennsylvania MHPA Section 302, does not constitute a "determination by a court, board, commission, or other

lawful authority that a person, as a result of marked subnormal intelligence, or mental illness, incompetency, condition, or disease (1) Is a danger to himself or to others; or (2) Lacks the mental capacity to contract or manage his own affairs," as required by 27 C.F.R. § 478.11.

7. It is **DECLARED** that an involuntary emergency examination and treatment, pursuant to Pennsylvania MHPA Section 302, does not constitute a "formal commitment of a person to a mental institution by a court, board, commission, or other lawful authority," as required by 27 C.F.R. § 478.11.

8. It is **DECLARED** that an involuntary emergency examination and treatment, pursuant to Pennsylvania MHPA Section 302, is based solely on a medical finding without a standard of proof and not after a hearing by a court, board, commission, or other authority and neither constitutes being adjudicated as a "mental defective nor "committed to a mental institution."

9. It is **DECLARED** that Defendants are prohibited from including Pennsylvania MHPA Section 302 emergency examinations and treatments in the NICS database, as those involuntary evaluations and treatments do not meet the requirements of 18 U.S.C. §

922(g)(4) and 27 C.F.R. § 478.11.

10. It is **DECLARED** that Defendants are prohibited from including Pennsylvania MHPA Section 302 emergency examinations and treatments in the NICS database, as those involuntary evaluations and treatments fail to provide due process to the individual being evaluated and treated.

11. Defendants are **ORDERED** remove all Pennsylvania MHPA Section 302 emergency examinations and treatments from the NICS database, as those involuntary evaluations and treatments neither meet the requirements of 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11 nor the requirements of due process.

12. It is **DECLARED** that Plaintiff is not prohibited pursuant to 18 U.S.C. § 922(g)(4) or 27 C.F.R. § 478.11 as a result of his 302 emergency treatment and evaluation on or about April 7, 2003.

13. Defendants are **ORDERED** remove Plaintiff's Section 302 emergency treatment and evaluation on or about April 7, 2013 from the NICS database, as that involuntary evaluation and treatment neither meets the requirements of 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11 nor the requirements of due process.

14. It is **ORDERED** that Defendants, their officers, agents, servants,

employees, and all persons in active concert or participation with them are **ENJOINED** from enforcing 18 U.S.C. § 922(g)(4) against an individual, exclusively on the basis that he/she has been involuntarily treated and evaluated pursuant to Pennsylvania MHPA Section 302.

15. It is **ORDERED** that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them are **ENJOINED** from enforcing 18 U.S.C. § 922(g)(4) against Plaintiff in relation to his 302 emergency treatment and evaluation on or about April 7, 2003.

16. The requirement of Plaintiff to file a request for attorney fees and costs shall be stayed until 90 days after the later of the following occurs: (1) the decision of the parties on whether to appeal the Court's final judgment of Plaintiff's claims or (2) in the event of an appeal, a final decision on the appeal is reached and the appropriate mandate has issued. Following the expiration of this 90-day period, Plaintiff shall have 45 days within which to submit a request for attorney fees and costs with respect to his claims in the event that the parties are unable to reach a settlement regarding all issues related to attorney fees and costs. In that event, the

parties preserve all issues related to attorney fees and costs so that they may be presented to the Court for adjudication.

                                                _____
                                                Jeffrey L. Schmehl, J.