IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON M. WILBORN, | : |
|     Plaintiff, | : |
| v. | :   Civil Action No. 18-3597 |
| WILLIAM BARR,<br>Attorney General of the United States, | : |
| REGINA LOMBARDO,<br>Acting Director, Bureau of Alcohol,<br>Tobacco, Firearms and Explosives, | : |
| CHRISTOPHER WRAY,<br>Director of the Federal Bureau<br>of Investigation, | : |
|   and | : |
| UNITED STATES OF AMERICA, | : |
|     Defendants. | : |

**<u>ORDER</u>**

AND NOW, this _____ day of _____ 201___, upon consideration of Plaintiff's motion for declaratory and injunctive relief (Docket No. 27), defendants' opposition memorandum, and any reply in further support of the motion, it is ORDERED that the motion is DENIED.

It is FURTHER ORDERED that, for the reasons stated in the Court's August 8, 2019 memorandum opinion (Docket No. 21), judgment shall be entered in favor of Plaintiff, Brandon M. Wilborn.

It is DECLARED that, for the reasons stated in the Court's August 8, 2019 memorandum opinion (Docket No. 21), Plaintiff's emergency mental health examination under Section 302 of Pennsylvania's Mental Health Procedures Act does not constitute an "adjudication" or "commitment" for the purposes of 18 U.S.C. § 922(g)(4).

Therefore, it is DECLARED that Plaintiff's Section 302 examination is insufficient to meet the requirements to permanently prohibit Wilborn from legally acquiring, possessing, or using a firearm under 18 U.S.C. § 922(g)(4).

_____
HON. JEFFREY L. SCHMEHL
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON M. WILBORN, | : |
|     Plaintiff, | : |
| v. | :     Civil Action No. 18-3597 |
| WILLIAM BARR,<br>Attorney General of the United States, | : |
| REGINA LOMBARDO,<br>Acting Director, Bureau of Alcohol,<br>Tobacco, Firearms and Explosives, | : |
| CHRISTOPHER WRAY,<br>Director of the Federal Bureau<br>of Investigation, | : |
|     and | : |
| UNITED STATES OF AMERICA, | : |
|     Defendants. | : |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF**

The complaint in this case names Brandon Wilborn as the sole plaintiff and it asserts only two counts, both on behalf of Wilborn alone. In Count I, Wilborn asserts that the defendants' application of 18 U.S.C. § 922(g)(4) deprived him of his Second Amendment right to own firearms. Compl., at ¶¶ 36-42. In Count II, Wilborn alleges that defendants "violated [his] Fifth Amendment right to due process by denying him the ability to purchase and possess a firearm, as a result of his involuntary evaluation and treatment" pursuant to Section 302 of Pennsylvania's Mental Health Procedures Act. *Id.* at ¶ 46.

1

Following cross-motions for summary judgment, the Court granted Wilborn's motion for summary judgment. *See* Oct. 8, 2019 Order (Docket No. 22). Defendants did not file a notice of appeal and undersigned counsel informed counsel for Wilborn that Wilborn's Section 302 commitment would no longer trigger a federal prohibition on his possession or use of firearms. Despite obtaining complete relief for himself, Wilborn now seeks injunctive and declaratory relief as to all "similarly situated" individuals. Such relief would exceed the Court's equitable authority because it goes far beyond what is necessary to redress the alleged injuries to Wilborn in this case. In the alternative, Wilborn seeks leave of the Court to join additional parties or file an amended class action complaint – *after summary judgment has already been granted in his favor*. This unprecedented request should be denied.

## ARGUMENT

**I.  Declaratory and Injunctive Relief as to All "Similarly Situated" Individuals Exceeds the Court's Equitable Power to Redress Wilborn's Injuries**

A plaintiff must "demonstrate standing . . . for each form of relief that is sought." *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017). "[T]he remedy" sought therefore must "be limited to the inadequacy that produced the injury in fact that the plaintiff has established." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006) (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Equitable principles independently require that injunctions "be no more burdensome to the defendant than necessary to provide complete relief to the plaintiff[]." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (quotation marks omitted);

*accord McLendon v. Continental Can Co.*, 908 F.2d 1171, 1182 (3d Cir.1990); *Los Angeles Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 664 (9th Cir. 2011). The Supreme Court "ha[s] long held that 'the jurisdiction'" conferred by the Judiciary Act of 1789 "over 'all suits . . . in equity'" is "an authority to administer in equity suits the principles of the system of judicial remedies which had been devised and was being administered by the English Court of Chancery at the time of the separation of the two countries." *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318 (1999) (brackets and quotation marks omitted). Injunctions that go beyond redressing any harm to named plaintiffs and regulate a defendant's conduct with respect to nonparties did not exist at equity. They are a modern creation, with no direct antecedent in English practice—or apparently in the United States until the mid-twentieth century. *See* Samuel L. Bray, *Multiple Chancellors: Reforming the National Injunction*, 131 Harv. L. Rev. 417, 424-45 (2017).

Rule 65 of the Federal Rules of Civil Procedure, which Wilborn invokes in his motion, governs the form and scope of an injunctive order. Rule 65(d) provides, in relevant part:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and, be binding only upon the parties to the action. . . .

The purpose of Rule 65(d) is to ensure that an injunction "will not be too broad in scope, and thus in application." *Honeywell Int'l, Inc. v. Universal Avionics Sys.*

*Corp.*, 397 F. Supp. 2d 537 (D. Del. 2005). "That principle is implicit in the well-established rule that 'injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiff[ ].'" *Sec. & Exch. Comm'n v. Gentile*, 939 F.3d 549, 560 (3d Cir. 2019) (quoting *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994)).

The sweeping injunctive and declaratory relief sought by Wilborn contravenes these principles. Wilborn's six-page proposed order includes burdensome requests for relief far surpassing what is required to redress Wilborn's injuries. For example, the proposed order includes language requiring defendants to remove all Pennsylvania MHPA Section 302 emergency examinations and treatments from the National Instant Criminal Background Check System (NICS) database[1] and enjoining defendants from enforcing 18 U.S.C. § 922(g)(4) against *any* person on the basis that such person was the subject of a Section 302 commitment. Proposed Order (Docket No. 27-2), ¶¶ 13, 14 Neither of these measures is necessary to remedy Wilborn's alleged injury—i.e., his inability to purchase or possess a firearm.

Redressing any potential injuries to the nonparty public is unnecessary and thus improper to redress the alleged injuries to Wilborn, which would be fully

---

[1] The NICS database is also used by the Commonwealth of Pennsylvania for the purpose of determining eligibility for firearms purchases. Under the Pennsylvania Uniform Firearms Act, a Section 302 commitment triggers a firearms prohibition under Pennsylvania law. 18 Pa. Cons. Stat. Ann. § 6105(a)(1). Because Wilborn is not a Pennsylvania resident, this statute is not implicated here. However, removing all Section 302 commitments from the NICS database would impair the Commonwealth's ability to enforce its firearms statute.

4

remedied by an injunction limited to Wilborn. The Court's injunctive and declaratory relief should appropriately mirror the Court's holding *as to Wilborn*— that "a Section 302 commitment is insufficient to meet the requirements to prohibit Mr. Wilborn from legally acquiring, possessing, or using a firearm under 18 U.S.C. § 922(g)(4)." Aug. 8, 2019 Mem. Op. (Docket No. 21), 16; *see also id.* at 6 ("[T]he procedures of Section 302 *as applied to Mr. Wilborn* do not constitute an adjudication that Mr. Wilborn is a 'mental defective' or 'committed to a mental institution,' thereby not implicating Section 922(g)(4)'s firearm restrictions.") (emphasis added).

Wilborn urges the Court to impose broad injunctive and declaratory relief because he "and those similarly situated will continue to suffer a deprivation of their fundamental constitutional right to keep and bear arms." Pl. Br. (Docket No. 27-1), 5. This argument is misplaced and the constitutional cases Wilborn cites in support of it are inapposite. Although Wilborn asserted constitutional claims in his complaint, Court expressly declined to reach those claims. *See* Mem. Op. (Docket No. 21), 2 ("We will not address the underlying constitutional issues or claims surrounding Section 302 of the MHPA."). Instead, the Court addressed the narrower issue of whether, as a matter of statutory interpretation, a Section 302 commitment constitutes an "adjudication" or "commitment" under 18 U.S.C. § 922(g)(4). This narrow holding counsels in favor of narrow relief, specifically tailored to redress Wilborn's alleged injury.

5

Wilborn's proposed injunctive and declaratory relief also disserves the deliberative development of the law. An order by a single district court enjoining a federal agency everywhere renders judicial review in all other districts meaningless absent appellate reversal, thereby threatening to bring all other cases to a halt and depriving other courts of differing perspectives on important questions. *See United States v. Mendoza*, 464 U.S. 154, 160, 162 (1984) (rejecting application of nonmutual issue preclusion against the government for similar reasons); *United States v. AMC Entm't, Inc.*, 549 F.3d 760, 770-71 (9th Cir. 2008) (reversing nationwide injunction as abuse of discretion and noting that court "must be mindful" of other circuits). Relatedly, a case now pending in the Third Circuit raises a constitutional challenge to Section 302 firearms prohibitions under the Pennsylvania Uniform Firearms Act. *See John Doe 1, et al. v. Governor of Pennsylvania, et al.,* No. 19-1927 (3d Cir.). The Third Circuit's decision in this case may have an impact on similar challenges to 18 U.S.C. § 922(g)(4).

Defendants recognize that the Court's conclusion that a Section 302 examination does not constitute an "adjudication" or "commitment" for the purposes of 18 U.S.C. § 922(g)(4) is not specific to Wilborn. However, a court's role is "to provide relief" only "to claimants . . . who have suffered, or will imminently suffer, actual harm." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). In contrast, it is the role of the "political branches" to "shape the institutions of government in such fashion as to comply with the laws and the Constitution." *Id.* The Third Circuit has cautioned that district courts granting injunctions pursuant to Rule 65 should craft remedies

"no broader than necessary to provide full relief to the aggrieved plaintiff." *McLendon v. Continental Can Co.*, 908 F.2d 1171, 1182 (3d Cir.1990). The Court should thus reject Wilborn's request for injunctive and declaratory relief that goes well beyond that required to provide "full relief" to this particular plaintiff.

## II. The Court Should Deny Wilborn Leave to Join Additional Parties or File a Class Action Complaint

Perhaps because he recognizes the Court's limited equitable powers in granting relief to a single plaintiff, Wilborn alternatively seeks leave of the Court to join additional parties or file a class action complaint. This request—after judgment has already been entered in favor of Wilborn—should be denied. Other than dissatisfaction with the relief available to him in this case, Wilborn provides no basis (or, indeed, legal authority) for the Court to exercise its authority in this regard.

In any event, the majority of those individuals subjected to a Section 302 examination very likely reside in Pennsylvania. They are thus not "similarly situated" to Wilborn, a resident of Idaho. As noted above, the Pennsylvania Uniform Firearms Act (PUFA) regulates the use of firearms in Pennsylvania. *See* 18 Pa. Cons. Stat. Ann. § 6101, *et seq*. Under PUFA, a Section 302 commitment triggers a separate firearms prohibition under Pennsylvania law. 18 Pa. Cons. Stat. Ann. § 6105(a)(1). Because Wilborn is not a Pennsylvania resident, he is not subject to a firearms disability under PUFA. In this context, an out-of-state resident certainly is not "similarly situated" to a Pennsylvania resident, for whom a Section 302 commitment would bar possession or use of a firearm.

Wilborn's request for leave to file an amended complaint further demonstrates the impropriety of the proposed relief he seeks here. Permitting a nationwide injunction, where claims are brought only by an individual plaintiff like Wilborn, undercuts the class-action process. It would enable all potential claimants to benefit from broad injunctive relief if any plaintiff prevailed in a single district court, without satisfying the prerequisites of Federal Rule of Civil Procedure 23. And it would not afford the government the corresponding benefit of a definitive resolution of the underlying legal issue as to all potential claimants if the government prevailed instead. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

Wilborn filed this action solely on his behalf. He did not invoke Federal Rule of Procedure 23 or Local Rule 23.1, which establish detailed pleading and procedural requirements for the maintenance of a class action. Wilborn should not be permitted to file such an action now, after he has already obtained judgment and relief in this case.

## CONCLUSION

For the foregoing reasons, the Court should deny Wilborn's motion for declaratory and injunctive relief. A proposed order containing appropriately narrow relief is attached to this memorandum.[2]

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

s/ Gregory B. David/srb
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

s/ David A. Degnan
DAVID A. DEGNAN
Assistant United States Attorney
615 Chestnut St., Suite 1250
Philadelphia, Pennsylvania 19106
(215) 861-8522
david.degnan@usdoj.gov

Date: December 6, 2019

---

[2] The proposed order is intended to give effect to the Court's August 8, 2019 memorandum opinion (Docket No. 21). Defendants do not concede that the Court should have granted Wilborn's motion for summary judgment.

## CERTIFICATE OF SERVICE

I certify that the foregoing memorandum was filed electronically and is available for viewing and downloading via the Court's ECF system.

s/ David A. Degnan
DAVID A. DEGNAN
Assistant United States Attorney

Date: December 6, 2019