**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON M. WILBORN** | **:** | |
| Plaintiff | **:** | |
| | **:** | |
| **v.** | **:** | Civil Action No. 18-3597 |
| | **:** | |
| **JEFFERSON B. SESSIONS III,** | **:** | |
| Attorney General of the United | **:** | |
| States | **:** | |
| | **:** | |
| **THOMAS E. BRANDON,** | **:** | |
| Acting Director, Bureau of Alcohol, | **:** | |
| Tobacco, Firearms, and Explosives | **:** | |
| | **:** | |
| **CHRISTOPHER WRAY,** | **:** | |
| Director of the Federal Bureau of | **:** | |
| Investigation | **:** | |
| | **:** | |
| **UNITED STATES OF** | **:** | |
| **AMERICA,** | **:** | |
| Defendants | **:** | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS**
**MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Brandon M. Wilborn, (hereinafter "Mr. Wilborn" or "Plaintiff") by and through his counsel, hereby submits this Reply Brief in Support of his Motion for Declaratory and Injunctive Relief.

## I.        Argument

Noticeably devoid from the Government's Brief (Doc. 28) is any response to the fact, as raised in Plaintiff's Brief (Doc. 27-1) at 1-2, that it conceded that this matter was not an *as-applied* challenge; but rather, a facial statutory challenge, where Plaintiff on behalf of himself, and those similarly situated, sought declaratory and injunctive relief (Doc. 27-1 at 1-6). While the Government initially attempts to paint this Court's Decision (Doc. 21) as an *as-applied* determination (Gov't Brief at 5), it thereafter acknowledges that this Court addressed "whether, *as a matter of statutory interpretation*, a Section 302 commitment constitutes an 'adjudication' or 'commitment' under 18 U.S.C. § 922(g)(4)" (*id*. (emphasis added)) and then goes on to concede that this Court held that "*a Section 302 examination does not constitute an 'adjudication' or 'commitment' for purposes of 18 U.S.C. § 922(g)(4) [which] is <u>not</u> specific to Wilborn*." *Id*. at 6 (emphasis added).

Thus, while conceding that this Court held that a Section 302 examination and treatment does *not* trigger a prohibition pursuant to Section 922(g)(4) and that the holding was *not* – nor could it be – specific to Mr. Wilborn, the Government intends to continue to deny in perpetuity, pursuant to Section 922(g)(4), every other individual, who was merely examined and treated, pursuant to Section 302, from ever being able to exercise their constitutional right to keep and

bear arms. In fact, this is the Government's *modus operandi* [1] and why Mr. Wilborn brought this challenge on behalf of himself *and* those similarly situated, as the Government refused to comply with the U.S. District Court for the Western District of Pennsylvania's decision in *Franklin v. Sessions*, 291 F.Supp.3d 705, 716-717 (W.D. Pa. 2017), holding that a Section 302 examination and treatment does not trigger a prohibition, pursuant to Section 922(g)(4). It was only due to the Government's refusal to abide by that court decision that forced Mr. Wilborn, and those similarly situated, to institute this action.

Moreover, the Government also fails to respond to the fact that throughout this entire litigation, as discussed in Plaintiff's Brief at 1-3, Plaintiff has consistently filed on behalf of himself *and those similarly situated*, and the Government never raised any issue with this Court granting declaratory and injunctive relief to all those similarly situated. In fact, as addressed in Plaintiff's Brief at 3 and undisputed by the Government, it was not until more than 90 days *after* this Court issued its decision of August 5, 2019, that the Government, *for the first time*, raised issue with this Court granting relief to those similarly situated. Accordingly, this Court should deem the Government's objection waived.

Nevertheless and perhaps even more disconcerting is the fact that the Government attempts to mislead this Court in two material ways. First, it falsely contends in its Brief at 4, fn 1., that "removing all Section 302 commitments from the NICS database would impair the Commonwealth's ability to enforce its firearm statute." Setting aside the fact that there is no evidence of record to support this contention – nor could there be, since it is false – as the

---

[1] The Government seeks to have every individual, who was examined and treated pursuant to Section 302, obtain counsel and spend tens of thousands of dollars fighting it, even though every court that has issued a decision on this issue has ruled that a Section 302 examination and treatment is insufficient to trigger a prohibition pursuant to Section 922(g)(4). It is interesting that the Government appears to believe it can ignore court decisions with impunity.

Government is acutely aware, Pennsylvania is a Point of Contact ("POC") state, where it relies

first and foremost on its own background check system and data [2] (referred to as "PICS" for

Pennsylvania Instant Check System [3]) – which includes all Section 302 commitments – and

secondarily on the NICS system. Thus, by the Government removing Section 302 commitment

records from the NICS system, it would not affect, in any manner, the PICS system or the

Commonwealth's ability to enforce its firearm statute, as all the requisite data for those state law

prohibitors is and would remain in the Commonwealth's background check system.

Second, the Government provides a red herring in citing to a case pending in the Third

Circuit – *John Doe 1, et al. v. Governor of Pennsylvania, et al.*, No. 19-1927 (3d. Cir) – which

has no relevancy to whether a Section 302 evaluation and treatment is statutorily sufficient to

trigger the prohibition of Section 922(g)(4). As the Government is acutely aware, the *John Doe 1*

case involves a constitutional challenge to whether state law – 18 Pa.C.S. § 6105(c)(4) – can

strip an individual of his/her right to keep and bear arms, in the absence of due process, in

relation to an involuntary commitment.

Regardless, as the Government concedes that this "Court's conclusion that a Section 302

examination does not constitute an 'adjudication' or 'commitment' for purposes of 18 U.S.C. §

922(g)(4) *is not specific to Wilborn*," (Doc 28 at 6 (emphasis added)), consistent with 28 U.S.C.

§ 2202, this Court should grant the "necessary or proper relief based on a declaratory judgment

or decree," since unless this Court declares that a Section 302 evaluation and treatment does not

---

[2] *See*, https://www.post-gazette.com/news/state/2013/01/19/Pa-sends-mental-health-data-for-gun-checks/stories/201301190192 (reflecting that PA merely provides duplicative data to NICS in relation to mental health commitments and that ATF was concerned with the Pennsylvania State Police uploading Section 302 commitments, as ATF was still attempting to determine whether a Section 302 evaluation and treatment was a prohibitor under federal law).
[3] *See*, https://www.psp.pa.gov/firearms-information/Pages/Pennsylvania-Instant-Checks-System--PICS.aspx.

constitute an "adjudication" or "commitment" for purposes of Section 922(g)(4) and issues an injunction against the Government contending that a Section 302 commitment does constitute an "adjudication" or "commitment" for purposes of Section 922(g)(4), the Government, in outright defiance of this Court's decision, will continue to deprive others of their fundamental constitutional right to keep and bear arms, merely because they were evaluated and treated, pursuant to Section 302.

While the Government contends that this Court does not have the power to grant the relief requested, it is telling that the Government does not discuss any of the cases, cited to by Plaintiff, holding to the contrary, nor does it even mention F.R.C.P. 71, which explicitly addresses "an order grant[ing] relief for a nonparty" and that the "procedure for enforcing the order is the same as for a party." Nevertheless, let there be no dispute that this Court does have the power to prevent the manifest injustice proposed by the Government. In a case that the Government recently litigated, the U.S. Supreme Court specifically upheld a preliminary injunction for the Plaintiffs and all those "similarly situated to them." Specifically, in *Trump v. Int'l Refugee Assist Project (IRAP)*, 137 S.Ct. 2080 (2017), the U.S. Supreme Court addressed whether, where there were only a couple plaintiffs in a non-class action complaint, it was proper to issue a preliminary injunction against the entire operation of an executive order temporarily suspending entry of all foreign nationals from seven countries, including those similarly situated. While limiting the breadth of the preliminary injunction by excluding from it foreign nationals "who have no connection to the United States at all," the Court explicitly upheld the preliminary injunction in relation to the plaintiffs and all those "similarly situated to them—that is, people or entities in the United States who have relationships with foreign nationals abroad, and whose rights might be affects if those foreign nationals were excluded." *Id*. at 2088.

This case is no different than *IRAP* and it is extremely telling that the Government does not address why it should be permitted to openly defy this Court's decision and continue to strip individuals of their right to keep and bear arms, merely as a result of a Section 302 evaluation and treatment, which this Court found was insufficient for such purposes. Accordingly, to prevent the manifest injustice proposed by the Government, this Court must issue the relief requested by Mr. Wilborn and those similarly situated.

Alternatively, as Plaintiff requested in his Brief at 6, if, *arguendo*, this Court still believes, for some reason, that it does not have the requisite authority to grant the relief requested, given the Defendants' contention that everyone who was solely evaluated and treated pursuant to Section 302 should be a party to this proceeding in order for them to be granted relief, Mr. Wilborn respectfully requests leave either pursuant to F.R.C.P. 20 to join all such individuals or pursuant to F.R.C.P. 15 to file an amended complaint for the sole purpose of adding class action averments, as justice requires that each individual, aggrieved by the Defendants' contention, need not have to individually file suit. While the Government objects to this because it was requested "after judgment has already been entered" (Doc. 28 at 7), the Government finds itself in the untenable position, as discussed *supra*, of having never objected to the issuance of declaratory and injunctive relief on behalf of those similarly situated, until more than 90 days after this Court's decision. Thus, either the Government has waived its objection by failing to raise it before judgment or, no different than the Government, the Plaintiff can now raise this issue, since there can be no dispute that the Government lulled Plaintiff and those

5

similarly siuated into believing there was no dispute as to the Court's authority to grant relief to everyone similarly situated. [4]

## II.    Conclusion

For the reasons set forth *supra*, Mr. Wilborn and those similarly situated respectfully request this Honorable Court grant their request for declaratory and injunctive relief, or, in the alternative, grant them leave to either join all similarly situated individuals or to file an amended complaint with class action averments.

Dated: December 9, 2019                                    Respectfully Submitted,

                                                           Joshua Prince, Esq.
                                                           Attorney Id. No. 306521
                                                           Joshua@CivilRightsDefenseFirm.com

                                                           Adam Kraut, Esq.
                                                           Attorney Id. No. 318482
                                                           AKraut@CivilRightsDefenseFirm.com

                                                           Civil Rights Defense Firm, P.C.
                                                           646 Lenape Road
                                                           Bechtelsville, PA 19505
                                                           (888) 202-9297 (t)
                                                           (610) 400-8439 (f)

                                                           Attorneys for Plaintiff

---

[4] This is based upon that which was pled in the Complaint and argued in the motions and briefs before this Court, all without objection by the Government.

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically through the Eastern District of Pennsylvania Electronic Filing System. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all registered users in this case.

**Civil Rights Defense Firm, P.C.**

Date: December 9, 2019                    By:

Joshua Prince, Esq.
Attorney Id. No. 306521
Civil Rights Defense Firm, P.C.
646 Lenape Rd.
Bechtelsville, PA 19505
888-202-9297 ext 81114
610-400-8439 (fax)
Joshua@Civilrightsdefensefirm.com

7