IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRANDON M. WILBORN,
        Plaintiff,

v.

JEFFERSON B. SESSIONS, III, *et al.*,
        Defendants.

CIVIL ACTION
No. 18-3597

# ORDER

**AND NOW**, this 25th day of August, 2020, upon review of Plaintiff's Motion for Declaratory and Injunctive Relief (ECF No. 27), and all supporting and opposing materials, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion is **DENIED** (*See* ECF No. 27);[1]

---

[1] This matter arises from the denial of a firearm permit. (*See* ECF No. 1.) On May 3, 2018, Plaintiff Brandon Wilborn attempted to purchase a firearm, but his application was denied by the National Instant Criminal Background Check System ("NICS"). (*Id.*, ¶ 20.) This denial occurred because in 2003, Plaintiff was involuntarily examined and treated under Section 302 of Pennsylvania's Mental Health Procedures Act ("MHPA"). (*Id.*, ¶ 17.)

Wilborn, as the sole Plaintiff, filed this matter on August 23, 2018 seeking declaratory and injunctive relief that MHPA Section 302 evaluations and treatments are insufficient to trigger a federal disability pursuant to 18 U.S.C. § 922(g)(4). (*Id.*, ¶¶ 2-6.) This Court ultimately agreed with him and found that such evaluation and treatment does not constitute an "adjudication" or a "commitment" for purposes of the statute. (ECF No. 21.) In our Memorandum Opinion dated August 5, 2019, this Court granted summary judgment in Plaintiff's favor, according him full and complete relief. (*Id.*)

Now, Plaintiff has filed a Motion for Declaratory and Injunctive Relief seeking even broader relief. (ECF No. 27.) He now seeks for the Court to order that the Government "remove all individuals from the NICS database, who were included solely due to a Section 302 treatment and evaluation." (*Id.* at 4.)

The Government, in response, argues that this Court would exceed its equitable authority by issuing such an order "because it goes far beyond what is necessary to redress the alleged injuries to Wilborn in this case." (ECF No. 28 at 2.)

As detailed below, we agree with the Government. Although he has purported to bring this case on behalf of himself and others "similarly situated," Plaintiff has failed to allege that this suit is a class action. *See* FED. R. CIV. P. 23; *See also Evans v. Port Auth.*, No. 06-3239, 2007 U.S. Dist. LEXIS 77830, at *40-41 (D.N.J. Oct. 18, 2007) ("The Complaint does not allege, anywhere, that the lawsuit is a class action, and Plaintiffs do not attempt to allege facts relevant to satisfying the requirements for class certification.").

    2. Plaintiff's Motion in the Alternative is **DENIED** (*See id.*);[2]

---

In federal courts, "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester v. Laroe Estates*, 137 S. Ct. 1645, 1650 (2017) (citation omitted). Accordingly, "the remedy must of course be limited to the inadequacy that produced the injury in fact that *the plaintiff* has established." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006) (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)) (emphasis added).

Here, Brandon Wilborn is the only named plaintiff. This matter is not a class action, and Plaintiff has made no attempt to certify it as such until after summary judgment was granted in his favor. As such, this Court lacks the authority to grant the relief that Wilborn now seeks for individuals who may be similarly situated. We thus must deny Plaintiff's motion.

[2] In the alternative, Plaintiff has requested leave of this Court to (1) join all similarly situated individuals, pursuant to Federal Rule of Civil Procedure 20; or (2) file an amended complaint for the sole purpose of adding class action averments. (*See* ECF No. 27 at 6.) Notably, in so arguing, Plaintiff does not cite to any legal authority that would permit this Court to grant such leave to amend *after* summary judgment has already been granted in Plaintiff's favor— either to join additional parties or to add class action claims. We deny Plaintiff's requests for the foregoing reasons.

Federal Rule of Civil Procedure 15(a) permits a plaintiff to seek leave of court to amend a complaint. FED. R. CIV. P. 15(a). Accordingly, granting leave to amend a complaint falls "within the sound discretion of the district court." *Capp, Inc. v. Dickson/Unigage, Inc.*, No. 03-5046, 2004 U.S. Dist. LEXIS 19138, at *8 (E.D. Pa. Sept. 8, 2004) (citing *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

This permissive approach to amendment under Rule 15(a) applies to pre-judgment motions to amend. *In re Human Tissue Prods. Liab. Litig.*, No. 06-135, 2009 U.S. Dist. LEXIS 23127, at *60 (D.N.J. March 18, 2009). Post-judgment leave to amend is granted sparingly and is the "long-odds exception." *Id.* (quoting *Dartmouth Review v. Dartmouth Coll.*, F.2d 13, 22 (1st Cir. 1989)); *See also State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly.").

A district court may deny leave to amend a complaint if a plaintiff's delay in seeking the amendment is undue, motivated by bad faith, or prejudicial to the opposing party. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). The mere passage of time does not necessitate denial of a motion for leave to amend; indeed, alone it is insufficient to deny such a motion. *Id*. (citing *Cornell*, 573 F.2d at 823). However, "at some point, the delay will become 'undue' placing an unwarranted burden on the court, or will become 'prejudicial' placing an unfair burden on the opposing party." *Id.* (citing *Adams v. Gould, Inc.*, 739 F.3d 858, 868 (3d Cir. 1984)).

In this analysis, prejudice to the non-moving party is the "touchstone" for the denial of an amendment. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993) (citation omitted). Courts within the Third Circuit have found that an amendment would cause undue prejudice to non-moving parties, and have denied leave to amend:

> where the amendment would have asserted new claims, where new discovery would have been necessary, where the motion for leave was filed months after the factual basis of the amendment was discovered by the moving party, and *where the motion for leave was brought after summary judgment motions were filed*.
>
> *Cummings v. City of Phila.*, No. 03-34, 2004 U.S. Dist. LEXIS 9030, at *11 (E.D. Pa. Apr. 26, 2004) (citations omitted) (emphasis added).

Indeed, courts within this Circuit have consistently denied leave to amend a complaint after summary judgment briefs have been filed. *See Saini v. Bloomsburg Univ. Faculty, et al.*, 826 F. Supp. 882, 884-85, 889 (M.D. Pa. 1993); *Sabatini v. Reinstein*, No. 99-2393, 2001 U.S. Dist. LEXIS 11008, at *1-4 (E.D. Pa. July 10, 2001).

3. For the reasons stated in this Court's August 8, 2019 Memorandum Opinion, judgment shall be **ENTERED** in favor of Plaintiff, Brandon M. Wilborn (*See* ECF No. 21); and

4. It is **DECLARED** that, for the reasons stated in this Court's August 8, 2019 Memorandum Opinion, an emergency mental health examination under Section 302 of Pennsylvania's Mental Health Procedures Act does not alone constitute an "adjudication" or "commitment" for the purposes of 18 U.S.C. § 922(g)(4);

5. Thus, it is further **DECLARED** that Plaintiff's Section 302 examination is insufficient to meet the requirements to permanently prohibit him from legally acquiring, possessing, or using a firearm under 18 U.S.C. § 922(g)(4); and

6. The Clerk of Court shall mark this matter as **TERMINATED** for statistical purposes.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

Here, a complaint was filed naming one plaintiff: Mr. Wilborn. (*See* ECF No. 1.) Plaintiff's Prayer for Relief, however, does contain two references to "those similarly situated." (*Id*. at 14-15.) Nonetheless, as discussed above, this is an insufficient basis for this Court to grant the wide-ranging relief that Plaintiff now seeks on behalf of other individuals. If Plaintiff had truly intended to seek relief on behalf of an entire class of individuals, he should have sought leave to amend before summary judgment was granted in his favor. Moreover, not only have summary judgment briefs been filed with this Court, they have been resolved in Plaintiff's favor.

Considering this, we find that granting Plaintiff leave to amend his complaint now would be improper as the delay in seeking such an amendment is undue and it would cause prejudice to the Government. What Plaintiff seeks in amending his complaint amounts to a wholesale reimagining of this case into a class action. Inherent in all class actions is the need to certify the class at issue at the appropriate time in the proceedings. FED R. CIV. P. 23; *See also Cureton*, 252 F.3d at 274 (affirming a district court's denial of a motion for leave to amend as "the new claim might require the court to revisit the certification of the class and that amendment would lead to further discovery requests and significant new preparation."). This alone would place an undue burden on the Government, essentially requiring it to relitigate this matter after summary judgment has already been granted in Plaintiff's favor. As such, Plaintiff's motion in the alternative is denied.

3